IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GEORGE F. LANDEGGER and
THE WHITTEMORE COLLECTION, LTD.

      Plaintiffs,

v.

HOWARD S. COHEN and
DENNIS YOUNG,

      Defendants.
_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiffs, George F. Landegger and The Whittemore Collection, Ltd., through their counsel, Ryley Carlock & Applewhite, state their Complaint against Defendants, Howard S. Cohen and Dennis Young, as follows:

### NATURE OF THE ACTION

1.    Plaintiffs purchased securities in a transaction that was brokered by Defendants. Contrary to federal law and Nevada law, Plaintiffs were not registered or licensed as securities brokers. Plaintiffs therefore are entitled to damages and other relief against Defendants.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff George F. Landegger is a resident of Ridgefield, Connecticut.

3. Plaintiff The Whittemore Collection, Ltd. is a New York corporation with its principal place of business in Rye Brook, New York.

4. On information and belief, Defendant Howard S. Cohen is a resident of Basalt, Colorado. In addition, he owns substantial real and personal property in Colorado and he systematically conducts business in and from Colorado.

5. Defendant Dennis Young is a resident of Aspen, Colorado.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert a claim under the federal Securities Exchange Act of 1934.

7. In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in Colorado and a substantial part of the events giving rise to the case occurred in Colorado.

## GENERAL ALLEGATIONS

9. On November 22, 2010, Mr. Landegger purchased from Aspen KSpace II, LLC, a Nevada limited liability company ("the Company"), a 27% membership interest in the Company for $337,500. On the same date, The Whittemore Collection, Ltd. purchased from the Company a 53% membership interest in the Company for $662,500. Hereinafter, these two sales are referred to as "the Sales."

10. The membership interests involved in the Sales were "securities" within the meaning of the federal Securities Exchange Act of 1934 and the statutes of the State of Nevada.

11. At the time of the Sales, Mr. Cohen was a securities broker.

12. On information and belief, at the time of the Sales Mr. Young was a securities broker.

13. Mr. Cohen and Mr. Young undertook the following acts, among others, as brokers to arrange and effectuate the Sales:

(a) On September 22, 2010, Mr. Young sent to Mr. Landegger an inter-state email containing the K-Space executive summary, the K-Space brochure, the Investor Distribution Worksheet Explanation, the Investor Breakeven and Profits Distribution worksheet and related materials. His email stated in part, "I work with Howard Cohen."

(b) On September 24, 2010, Mr. Young sent to Mr. Landegger an inter-state email stating in part, "Howard [S. Cohen] asked me to send you the operating documents for K-space." The email included as attachments: Final K-Space Amended and Restated Operating Agreement.pdf; Final Membership Interest Purchase Agreement Aspen KSpace, LLC.pdf; Final K-Space Promissory Note to Aspen KSpace.pdf; Final Aspen KSpace Security Agreement.pdf; Final Aspen K-Space Consulting Agreement.pdf; Aspen

KSpace, LLC Operating Agreement.pdf; and Aspen KSpace Subscription Agreement.pdf.

(c) On September 29, 2010, an inter-state telephone conference call including Mr. Cohen, Mr. Young, Mr. Landegger, and Francis Fitzpatrick of The Whittemore Collection, Ltd. occurred at approximately 12:00 noon E.S.T. on telephone number 218-339-4300, with access code 751364. On information and belief, Mr. Cohen called in from telephone number 702-278-6060, which has a Nevada area code. Mr. Cohen and Mr. Young solicited investments in the Company by Mr. Landegger and The Whittemore Collection, Ltd.

(d) On October 8, 2010, Mr. Young sent to Mr. Landegger an inter-state email regarding the proposed investments in the Company. This email attached the following documents: kspacebooks@September 30, 2010 accrual basis.pdf; Pro Forma Oct 2010-YE2013 v 1-Monthly.pdf; Pro Forma Oct2010-YE2013v1-Quarterly.pdf;k_spacedevelopmentsummary_100810.pdf; K-Specs Model 1 Completions Schedule.pdf; Advantages of Tormod Thomsen joining k1.pdf; ritterresume1.docx. This email stated:

> We very much appreciate your consideration in the investment and are happy to answer any questions or provide additional information. Please feel free to contact either Howard or me. Our contact information is: Howard Cohen – hcohen@aspenpacific.com – phone: 702-278-6060; Dennis Young – dennis@young.biz; phone: 970-315-2424.

14. As a result of the inter-state solicitation communications by Messrs. Cohen and Young, Plaintiffs entered into the Sales transactions.

15. On information and belief, at the time of the Sales, Mr. Cohen was not registered as a securities broker with the United States Securities and Exchange Commission.

16. On information and belief, at the time of the Sales, Mr. Cohen was not a member of any self-regulatory organization in the securities industry.

17. On information and belief, at the time of the Sales, Mr. Cohen was not licensed as a securities broker in the State of Nevada.

18. On information and belief, at the time of the Sales, Mr. Cohen was not registered or licensed as a securities broker in any State.

19. On information and belief, at the time of the Sales, Mr. Young was not registered as a securities broker with the United States Securities and Exchange Commission.

20. On information and belief, at the time of the Sales, Mr. Young was not a member of any self-regulatory organization in the securities industry.

21. On information and belief, at the time of the Sales, Mr. Young was not licensed as a securities broker in the State of Nevada.

22. On information and belief, at the time of the Sales, Mr. Young was not registered or licensed as a securities broker in any State.

**FIRST CLAIM FOR RELIEF**
**(Securities Exchange Act of 1934)**

23. Each allegation above is incorporated here.

24. Section 15(b) of the Securities Exchange Act of 1934 ("the Act"), at 15 U.S.C. § 78o(a)(1), provides:

> It shall be unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of this section.

25. Mr. Cohen violated the Act by using means of interstate commerce to effect and induce the Sales without being registered as a broker in accordance with the Act.

26. Mr. Young violated the Act by using means of interstate commerce to effect and induce the Sales without being registered as a broker in accordance with the Act.

27. Mr. Cohen aided and abetted Mr. Young's violation of the Act.

28. Mr. Young aided and abetted Mr. Cohen's violation of the Act.

29. Mr. Cohen used Mr. Young as an agent to induce the Sales in violation of the Act.

30. In addition or in the alternative, Mr. Young used Mr. Cohen as an agent to induce the Sales in violation of the Act.

31. Mr. Cohen controlled Mr. Young's actions in violation of the Act.

32. In addition or in the alternative, Mr. Young controlled Mr. Cohen's actions in violation of the Act.

33. Mr. Young and Mr. Cohen acted jointly and willfully to induce the Sales in violation of the Act.

34. Mr. Young's and Mr. Cohen's violations of the Act have caused Plaintiffs damages in that Plaintiffs purchased securities of the Company that were worth far less than the $1 million Plaintiffs paid for the securities.

35. Plaintiffs have a private right of action for damages under 15 U.S.C. § 78o(a)(1) and/or § 78cc(b).

## SECOND CLAIM FOR RELIEF
### (Nevada Securities Laws)

36. Each allegation above is incorporated here.

37. Nevada Revised Statutes § 90.310(1) provides:  "It is unlawful for any person to transact business in this State as a broker-dealer or sales representative unless licensed or exempt from licensing under this chapter."

38. Mr. Cohen violated § 90.310(1) by transacting business in Nevada in connection with the Sales without being licensed as a securities broker in the State of Nevada.

39. Mr. Young violated § 90.310(1) by transacting business in Nevada in connection with the Sales without being licensed as a securities broker in the State of Nevada.

40. Mr. Cohen aided and abetted Mr. Young's violation of § 90.310(1).

41. Mr. Young aided and abetted Mr. Cohen's violation of § 90.310(1).

42. Mr. Cohen used Mr. Young as an agent to induce the Sales in violation of § 90.310(1).

43. In addition or in the alternative, Mr. Young used Mr. Cohen as an agent to induce the Sales in violation of § 90.310(1).

44. Mr. Cohen controlled Mr. Young's actions in violation of § 90.310(1).

45. In addition or in the alternative, Mr. Young controlled Mr. Cohen's actions in violation of § 90.310(1).

46. Mr. Young and Mr. Cohen acted jointly and willfully to induce the Sales in violation of § 90.310(1).

47. Under Nevada Revised Statutes § 90.660(1), Plaintiffs are entitled to tender their securities in the Company to Mr. Cohen and Mr. Young and to recover from Mr. Cohen and Mr. Young the consideration that Plaintiffs paid for the securities, plus interest at the legal rate from the date of the payment, costs, and reasonable attorney's fees.

48. Plaintiffs have tendered their securities in the Company to Messrs. Cohen and Young and have requested a return of the consideration paid for the securities. Messrs. Cohen and Young have not complied with this request.

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor and against Defendants, award Plaintiffs their damages, pre-judgment interest, costs, and attorney's fees, and grant such other relief as appears proper.

## **JURY DEMAND**

Plaintiffs demand a jury on all issues so triable.

Respectfully submitted this 5th day of July, 2011.

            RYLEY CARLOCK & APPLEWHITE

            By: *s/ F. Brittin Clayton III*
            F. Brittin Clayton III
            1999 Broadway, Suite 1800
            Denver, CO  80202
            Phone:  303-863-7500

            Attorneys for Plaintiffs, George F. Landegger and The Whittemore Collection, Ltd.