**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01760-WJM-CBS

GEORGE F. LANDEGGER, and
WHITTEMORE COLLECTION, LTD., THE

     Plaintiffs,

v.

HOWARD S. COHEN, and
DENNIS YOUNG
ASPEN PACIFIC CAPITAL, INC., and
ASPEN PACIFIC GROUP, INC.

     Defendants.

---

**ORDER DENYING JOINT MOTION FOR SUMMARY JUDGEMENT ECF NO. 165**

---

This matter is before the Court on Defendants Howard S. Cohen, Dennis Young, Aspen Pacific Capital, Inc., and Aspen Pacific Group, Inc. ("Defendants") Motion for Summary Judgment ("Motion"). (ECF No. 87.) Plaintiffs George F. Landegger and the Whittemore Collection, Ltd have filed a Response (ECF No. 94); and Defendants a Reply. (ECF No. 106.)

For the reasons set forth below, Defendants' Motion for Summary Judgment is denied without prejudice. Leave is granted to refile the Motion consistent with what is stated in the Order, herein.

The Court has reviewed the Parties' briefing.  Given the complex issues raised by the federal and state claims, respectively, the Court finds further briefing in this case is required.  This was also foreshadowed by Plaintiff in their Response.  (ECF No. 40 at 39-40.)  As such, the Court grants the Parties leave to refile the above briefing consistent with the following requests:

A. **Federal Claim (Section 15(a) and 29(b) under the Securities Exchange Act of 1934):** With respect to Plaintiffs' federal claim, the Parties should refile their existing briefs and update their briefing with relevant case law (if any) on: (a) the privity issue, and (b) the private cause of action issue, as those issues are defined in Defendants' Motion. (ECF No. 87 at 3.)  Case law from the Tenth Circuit and the District of Colorado should be **bolded** in the briefing should it now exist since the Parties' initial filings.  Case law cited from outside the Tenth Circuit need not be.[1]  Additionally, the Court notes that its has reviewed the article by Samuel H. Gruenbaum & Marc I. Steinberg, *Section 29(b) of the Securities Exchange Act of 1934: A Viable Remedy Awakened*, 48 Geo. Wash. L. Rev. 1 (1979)) cited in Defendants' Motion.  (ECF No. 87 at 10.)  To the extent that this article sheds further light on the statutory construction of Section 29(b) regarding the privity issue—and is consistent with existing case law—the Parties should make reference to this article and any further secondary sources that may support their positions.

---

[1] The Court notes, however, that there may be limited (if any) authority in the Tenth Circuit.

**B.**  **State Claim (Nevada Securities Law):** With respect to Plaintiffs' state claim, the Court notes that the Parties should also refile their existing briefs and update their briefing with relevant case law (if any). Case law from the Tenth Circuit and the District of Colorado should be **bolded** in the briefing should it now exist since the Parties' initial filings to support the Parties' positions. Cases law from outside the Tenth Circuit need not be.

The Court has also reviewed the briefs and found the following cases, *inter alia*, pertinent to the analysis. The cases include: (a) *Foundation Ventures, LLC v. F2G, Ltd.*, 2010 WL 3187294 (S.D.N.Y. Aug. 11, 2010); (b) *SEC v. Hansen*, 1984 WL 2413 (S.D.N.Y. Apr. 6, 1984); and (c) *Cornhusker Energy Lexington, LLC v. Prospect Street Ventures*, 2006 WL 2620985, *6 (D. Neb. 2006). In supplementing their existing briefs, the Parties should place added emphasis on these cases, in part, and draw relevant analogies and distinctions where appropriate.

**C.**  **Supplement/Amendments:** When refiling the briefs with respect to the Motion for Summary Judgement, the Parties need only supplement their existing briefs in the same documents that have previously been filed with the Court. (ECF Nos. 87, 94, and 107). Where Parties make amendments in accordance with points A. and B., above, the Parties should denote such amendments as tracked changes (underline). This will assist the Court in identifying the Parties' updated positions.

**D.**  **Schematic:** The Court found Plaintiffs' schematic useful to better

understand the relationships between the Parties. (ECF No. 94 at 9.) Notwithstanding this, should Defendants find the depiction of the contractual relationships in the schematic inadequate, Defendants should clearly state this in their refiled briefing. Alternatively, Defendants may also supplement their briefing with a schematic of their own.[2] (*Id.*)

## Conclusion

Based on the foregoing, the Court ORDERS and DIRECTS as follows:

1. Defendants Motion for Summary Judgment (ECF No. 87) is DENIED WITHOUT PREJUDICE.

2. Defendants are GRANTED leave to file a renewed motion for summary judgment. Should Defendants choose to refile their motion, they must do so by August 28, 2013.

3. Plaintiffs must respond to the renewed motion by no later than September 4, 2013.

4. Defendants are to reply by no later than September 11, 2013.

Dated this 20th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] Should the Parties have any questions in relation to the above request, they may call Chambers direct on (303) 335-2892.