**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01760-WJM-CBS

GEORGE F. LANDEGGER, and
WHITTEMORE COLLECTION, LTD.,

    Plaintiffs,

v.

HOWARD S. COHEN,
DENNIS YOUNG,
ASPEN PACIFIC CAPITAL, INC., and
ASPEN PACIFIC GROUP, INC.,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY**

---

This matter is before the Court on the Motion to Exclude Expert Testimony ("Motion") by Defendants Howard Cohen, Dennis Young, Aspen Pacific Capital, Inc., and Aspen Pacific Group, Inc. (collectively "Defendants"). (ECF No. 114.) Defendants move to exclude opinion testimony from two experts identified by Plaintiffs George Landegger and the Whittemore Collection, Ltd. ("Plaintiffs"). Plaintiffs filed a Response to the Motion. (ECF No. 118.) Defendants filed no Reply.

For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

**I. LEGAL STANDARDS**

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission

of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The touchstone of the admissibility of expert testimony is its helpfulness to the trier of fact." *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009) (quotation marks and brackets omitted). The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

To be admissible, evidence must also comply with Federal Rule of Evidence 403. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test." *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994).

## II.  ANALYSIS

Plaintiffs have obtained expert reports from two attorneys, Mr. Philip A. Feigin and Mr. S. Lee Terry, Jr., both of whom are partners at their respective law firms and

experts in securities transactions. (ECF Nos. 114-2 & 114-3.) Particularly where an expert witness is an attorney, the expert's testimony may not include legal conclusions regarding essential elements of a cause of action, because such testimony would "supplant both the court's duty to set forth the law and the jury's ability to apply [the] law to the evidence." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (*en banc*).

Here, Defendants do not challenge either expert's qualifications, nor do they challenge the reliability of the experts' opinions. (ECF No. 114 at 2.) However, Defendants move for the exclusion of all of Mr. Feigin's opinions and some of Mr. Terry's opinions as expressed in their respective expert reports, arguing that they usurp the roles of both the Court and the jury by impermissibly attempting to interpret and define the law, apply the law to the facts, and state legal conclusions. (*Id.*) Defendants also contend that expert testimony on these issues would not assist the jury, and that the challenged opinions should be excluded because their marginal probative value is outweighed by the danger of needlessly cumulative evidence. (*Id.*) The Court will discuss each of Defendants' arguments in turn.

**A.    Rule 702**

Defendants argue that both Mr. Terry's and Mr. Feigin's expert reports contain statements of the law governing the central issue in this case, namely whether Defendants acted as brokers. (ECF No. 114 at 10-14.) Both reports review the six factors that courts consider in evaluating whether a person acted as a broker,[1] apply

---

[1] The parties agree that the factors for consideration are whether the person (1) works as an employee of the securities' issuer; (2) receives a commission in lieu of a salary; (3) sells or has sold the securities of another issuer; (4) participates in negotiations between the issuer and investor; (5) provides advice or a valuation of the merit of an investment; and (6) actively, rather than passively, finds investors. (ECF No. 114 at 10); *SEC v. Hansen*, 1984 WL 2413, at *10 (S.D.N.Y. Apr. 6, 1984); *see also SEC v. Kramer*, 778 F. Supp. 2d 1320, 1334 (M.D. Fl. 2011); *SEC v. Martino*, 255 F. Supp. 2d 268, 283-84 (S.D.N.Y. 2003).

those factors to the facts in this case, and conclude that Defendants were acting as brokers. (*Id.*; *see also* ECF Nos. 114-2, 114-3.) Mr. Feigin's report also discusses the legal standards governing interpretation of the term "security", and interprets the "associated person of an issuer" rule governing exemption from registration as a broker. (ECF No. 114 at 12-13.)

To the extent these opinions reach ultimate conclusions regarding the essential elements of Plaintiffs' claim that Defendants acted as brokers, those opinions are properly excluded. *See Specht*, 853 F.2d at 808. Plaintiffs admit as much in their Response, explaining that the expert reports' discussions of legal issues were merely "background matter" and that "[n]o such purely legal opinions will be offered at trial." (ECF No. 118 at 7.)

The line between what is helpful to the jury and what intrudes on the jury's role as the finder of fact is not always clear, but "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Accordingly, Mr. Terry and Mr. Feigin may testify about the transactions at issue here from the perspective of general securities industry practices, even where those opinions discuss the facts pertaining to the six factors that the jury must consider. However, neither expert may testify at trial as to any ultimate conclusions regarding the essential elements of Plaintiffs' claims, such as that Plaintiffs purchased "securities", that Defendants' consulting fees were legally equivalent to "transaction-based compensation", or that Defendants acted as brokers. *Cf. Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 742-43 (10th Cir. 1993) (affirming admission of testimony by police practices expert who "did not give an opinion on whether [the officer's] conduct was unconstitutional. Rather, he

stated his belief that the conduct was inappropriate based on [his] understanding of generally accepted police custom and practice in Colorado and throughout the United States.").

The Court further notes that Mr. Feigin's expert report contains analysis of and citations to several federal and state securities cases. (ECF No. 114-2 at 4-6, 14-15.) As it is the Court's role to instruct the jury on the law governing this case, the Court will not permit Mr. Feigin to testify about the meaning of any of these cases. Of course, the standards that govern the securities industry are, to some extent, formed by this case law. Case law also serves to interpret the governing statutes. As such, insofar as Mr. Feigin has studied these cases, they may inform his opinions. However, the Court sees a difference between, on the one hand, Mr. Feigin testifying about the holding in a particular case and applying the rule of that case to the facts at issue here and, on the other hand, Mr. Feigin testifying about his understanding of the law and how it impacts his understanding of the standards that govern the securities industry.

The Court will permit testimony which resembles the latter; the former is impermissible. Given the close intersection between portions of these experts' testimony and the Court's role in instructing the jury, however, the Court will give a limiting instruction prior to their testimony at trial. Such instruction will make clear that the Court will instruct the jury on the law and, to the extent that the expert's testimony differs from the Court's instructions, the jury must credit the Court's instructions over such testimony. The instruction will also inform the jurors that they may give the expert's testimony whatever weight they deem appropriate, and that they are the ultimate finders of fact in this case. The parties should work together to attempt to

stipulate to a proposed limiting instruction and should include such stipulated instruction in their set of instructions.  To the extent that the parties are not able to reach a stipulation, the Court will accept competing proposed limiting instructions.

Defendants also contend that because the six factors are not complicated or impenetrable, Mr. Terry's and Mr. Feigin's testimony will provide no assistance to the trier of fact.  (*See* ECF No. 114 at 10-11.)  The Court disagrees.  The network of transactions and the relationships between the entities involved in this case are complex, and expert testimony may assist the jury in making such relationships and transactions intelligible.  As Plaintiffs proposed in their Response, Mr. Terry and Mr. Feigin will be permitted to testify as to their opinions, pursuant to industry standards, of the transactions and monetary interests involved in this case.  (ECF No. 118 at 8-13 ("If the question and answer are expressed in terms of industry understandings or the advice that would be given to a client—as opposed to a pure proposition of law—then the testimony is appropriate.").)

Finally, as Defendants conceded in their Motion, the same rules and guidelines will apply to the admission of any expert testimony Defendants introduce at trial.  (*See* ECF No. 114 at 14 (discussing improper legal conclusions in the expert report of Cynthia King).)  Although Plaintiff has not filed any motion seeking to exclude the opinions of Defendants' expert, the Court rules *sua sponte* that, in the interests of justice, any expert for either party will be precluded from offering testimony as to ultimate legal conclusions.  The limitations set forth above will apply to all legally-related expert testimony in this case.

**B.    Rule 403**

Defendants argue that, to the extent that any of Mr. Terry's and Mr. Feigin's opinions are not excluded under Rule 702, that they should nevertheless be excluded under Rule 403 because the marginal probative value of such duplicative testimony is substantially outweighed by a danger of needlessly presenting cumulative evidence. (ECF No. 114 at 2.)  Plaintiffs respond that they intend to call only one of these two experts at trial, and intend to eliminate any redundancy in testimony. (ECF No. 118 at 8.)  The Court accepts Plaintiffs' concession that calling both experts at trial to testify to equivalent opinions would be needlessly cumulative and excludable under Rule 403. Accordingly, Plaintiffs may not call both experts to testify to equivalent opinions.

### III.  CONCLUSION

In accordance with the foregoing, it is therefore ORDERED that:

1. Defendants' Motion to Exclude Expert Testimony (ECF No. 114) is GRANTED IN PART and DENIED IN PART; and
2. Mr. Philip A. Feigin and Mr. S. Lee Terry, Jr., may testify at trial as outlined in this Order.

Dated this 16th day of December, 2013.

BY THE COURT:

William J. Martinez
United States District Judge